FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
OCT 01 2026
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **JEROME LUNDY,** | |
| Plaintiff, | |
| | CIVIL ACTION NO. 1:26-CV-5683 |
| v. | |
| | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **TESLA, INC., doing business as TESLA COLLISION,** | |
| Defendant. | |

Plaintiff Jerome Lundy, representing himself, brings this action against Defendant Tesla, Inc., doing business as Tesla Collision, and states as follows:

## NATURE OF THE ACTION

1. This is an employment discrimination and retaliation action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., and 42 U.S.C. Section 1981.
2. Plaintiff is Black and African American. He alleges that Defendant subjected him to race discrimination and retaliated against him for reporting and opposing discriminatory workplace treatment, culminating in his termination on August 3, 2026.

## JURISDICTION AND VENUE

3. This Court has federal-question jurisdiction under 28 U.S.C. Section 1331 because this action arises under federal law. The Court also has jurisdiction under 28 U.S.C. Section 1343.
4. Venue is proper in the Northern District of Georgia under 42 U.S.C. Section 2000e-5(f)(3) and 28 U.S.C. Section 1391 because the employment practices at issue occurred at Defendant's Tesla Collision facility in Tucker, DeKalb County, Georgia.
5. Plaintiff timely filed EEOC Charge No. 410-2026-13586 against Tesla Collision. The charge identified race and retaliation as the bases of discrimination and covered the period from June 11, 2026 through August 3, 2026.
6. The EEOC issued a Determination and Notice of Rights on September 25, 2026. Plaintiff received the notice on September 25, 2026 and filed this action within ninety days of receipt.

## PARTIES

7. Plaintiff Jerome Lundy resides in Stone Mountain, DeKalb County, Georgia. He worked for Defendant as a Collision and Body Technician at the Tesla Collision facility in Tucker, Georgia.

8. Defendant Tesla, Inc. is a corporation that conducts business in Georgia, including through its Tesla Collision facility located at 2110 Tucker Industrial Road, Tucker, Georgia 30084. The EEOC charge states that the respondent employed more than 500 employees.

**FACTUAL ALLEGATIONS**

9. Plaintiff began working for Defendant on or about September 19, 2022 and remained employed until August 3, 2026.

10. Plaintiff's work included vehicle teardown and reassembly, structural repairs, mechanical and electrical work, glazing, inspections, firmware updates, road testing, and work around electric-vehicle high-voltage systems.

11. During Plaintiff's nearly four years with Defendant, he was not placed on a performance improvement plan, written up for poor performance, or warned that his productivity or performance placed his job in jeopardy.

12. Plaintiff served as a SHIELD Ambassador and raised workplace concerns to management. He also spoke up for coworkers who were uncomfortable raising concerns directly.

13. On June 11, 2026, Plaintiff submitted a written complaint to Human Resources concerning ongoing discriminatory workplace treatment, repeated accusations by coworker Jonathan Piedra, misrepresentation of workplace events, and Plaintiff's concern that his account was not being treated fairly. Plaintiff requested that the matter be documented and reviewed and sought a professional and respectful workplace.

14. Management, including First Shift Manager Matthew Lewis and Regional Manager Cory Sargent, knew about Plaintiff's complaint and the underlying workplace concerns.

15. On or about June 23, 2026, Human Resources informed Plaintiff that he was under investigation for allegedly using a racial slur. Plaintiff denied making the statement and identified that witnesses could refute the allegation.

16. Human Resources showed Plaintiff a photograph of Anatoly Gagach, the person associated with the allegation. Plaintiff stated that he did not recognize Mr. Gagach and had never had a conversation with him.

17. On August 3, 2026, Regional Manager Cory Sargent terminated Plaintiff's employment and stated that the investigation had substantiated the allegation. Matthew Lewis was present. Plaintiff again denied the allegation.

18. Before the termination, Defendant did not provide Plaintiff with the alleged witness statements or other supporting evidence, and Plaintiff had not received discipline, a performance improvement plan, or a warning that his employment was in jeopardy.

19. After the termination, Plaintiff repeatedly requested the official written reason and supporting termination documents. Defendant did not provide a termination letter stating the specific reason requested by Plaintiff.

20. The Georgia Department of Labor later reported that Defendant characterized the discharge as unsatisfactory job performance, which differed from the racial-slur allegation communicated to Plaintiff during the termination meeting.

21. The Georgia Department of Labor also found that Plaintiff had not been told his work was unacceptable, had not been warned that his job was at risk for poor performance, and had not been given an opportunity to improve.

22. On September 3, 2026, Plaintiff spoke with Matthew Lewis about the reason for the termination. Mr. Lewis confirmed that there were no issues with Plaintiff's job performance.

23. Plaintiff alleges that Defendant failed to address his complaints, subjected him to an unfair and discriminatory investigation, and terminated him using reasons that were inconsistent and pretextual.

24. Plaintiff alleges that his race and his protected complaints were motivating factors in Defendant's treatment of him and termination of his employment.

25. As a direct result of Defendant's conduct, Plaintiff lost wages, benefits, and employment opportunities and suffered emotional distress and other compensable harm.

## COUNT ONE TITLE VII RACE DISCRIMINATION

26. Plaintiff incorporates the preceding paragraphs as if fully stated here.

27. Plaintiff is Black and African American and is protected from race discrimination under Title VII.

28. Defendant took adverse employment action against Plaintiff by terminating his employment and treated his workplace complaints and the accusations against him in a discriminatory manner.

29. The inconsistent explanations for Plaintiff's termination, the lack of prior discipline or performance warnings, and the handling of the investigation support Plaintiff's allegation that Defendant's stated reasons were pretext for race discrimination.

30. Defendant's conduct violated Title VII, 42 U.S.C. Section 2000e-2.

## COUNT TWO TITLE VII RETALIATION

31. Plaintiff incorporates the preceding paragraphs as if fully stated here.

32. Plaintiff engaged in protected activity by reporting and opposing workplace treatment that he reasonably and in good faith believed was discriminatory, including his June 11, 2026 Human Resources complaint and related reports to management.

33. Defendant knew about Plaintiff's protected complaints.

34. Defendant subjected Plaintiff to an investigation and terminated his employment on August 3, 2026, less than two months after the written Human Resources complaint.

35. The close timing, lack of prior discipline, and inconsistent termination explanations support Plaintiff's allegation that Defendant terminated him because of his protected activity.

36. Defendant's conduct violated Title VII, 42 U.S.C. Section 2000e-3(a).

## COUNT THREE RACE DISCRIMINATION AND RETALIATION UNDER SECTION 1981

37. Plaintiff incorporates the preceding paragraphs as if fully stated here.
38. Plaintiff's employment relationship with Defendant was contractual within the meaning of 42 U.S.C. Section 1981.
39. Defendant impaired and ended that relationship because of Plaintiff's race and in retaliation for Plaintiff's opposition to race discrimination.
40. Defendant's conduct violated 42 U.S.C. Section 1981.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in Plaintiff's favor on all claims;

B. Award back pay, lost benefits, and prejudgment interest;

C. Order reinstatement or, if reinstatement is not practical, award front pay;

D. Award compensatory damages and punitive damages to the extent allowed by law;

E. Award taxable costs and any other recoverable litigation expenses;

F. Grant appropriate declaratory and injunctive relief; and

G. Grant any other relief the Court determines to be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Respectfully submitted on September 28, 2026.

______________________________

Jerome Lundy, Plaintiff Pro Se
703 Cassatt Court
Stone Mountain, Georgia 30088
Telephone: (770) 266-8760
Email: jeromelundy55@gmail.com

# Jerome Lundy Federal Lawsuit Filing Guide

**Tesla employment discrimination and retaliation matter**

This guide organizes the papers and information needed to open Jerome Lundy's federal case. The complaint is drafted from EEOC Charge No. 410-2026-13586 and the saved case record. The filing deadline is estimated as December 24, 2026 because the Right-to-Sue Notice was received September 25, 2026. File well before that date.

## Court and filing location

- United States District Court for the Northern District of Georgia, Atlanta Division
- Richard B. Russell Federal Building and United States Courthouse
- 75 Ted Turner Drive SW, Room 2211, Atlanta, Georgia 30303-3309
- Clerk's Office hours: 8:00 a.m. to 4:45 p.m., Monday through Friday, excluding federal holidays
- Filing Desk: (404) 215-1635; case-information and filing-procedure questions: (404) 215-1655

## Papers for the opening packet

| Order | Document | Action |
|---|---|---|
| 1 | Signed complaint | Print and sign the complaint in ink. Keep one complete copy. |
| 2 | EEOC notice | Attach the complete September 25, 2026 Determination and Notice of Rights downloaded from the EEOC portal. |
| 3 | Civil cover sheet JS 44 | Use the case information listed below. |
| 4 | Fee waiver application AO 239 | Complete the long non-prisoner form truthfully and sign it under penalty of perjury. |
| 5 | Summons AO 440 | Ask the Clerk whether it should be submitted immediately or after the fee-waiver request is decided. |

## Civil cover sheet data

| Field | Information |
|---|---|
| **Plaintiff** | Jerome Lundy |
| **Defendant** | Tesla, Inc., doing business as Tesla Collision |
| **Plaintiff county** | DeKalb County, Georgia |
| **Defendant county** | DeKalb County, Georgia |
| **Basis of jurisdiction** | Federal question |

| Field | Information |
|---|---|
| **Origin** | Original proceeding |
| **Nature of suit** | 442 Civil Rights Employment |
| **Cause of action** | Title VII, 42 U.S.C. Section 2000e et seq.; 42 U.S.C. Section 1981 |
| **Requested in complaint** | Back pay, benefits, reinstatement or front pay, compensatory and punitive damages, costs, and other lawful relief |
| **Jury demand** | Yes |
| **Related cases** | None known |

## Information needed for the fee waiver

The Court decides whether the filing fee can be waived. Gather exact amounts for:

- Current employment status and monthly take-home income
- Income received during the last twelve months, including unemployment benefits
- Spouse's income, if applicable
- Cash and balances in checking, savings, investment, and retirement accounts
- Vehicles, real estate, stocks, or other valuable property
- Monthly housing, utilities, food, transportation, insurance, medical, debt, and support expenses
- Names and ages of anyone who depends on you for support
- Money owed to creditors and the monthly payments

**Do not estimate carelessly or leave out assets. Use current statements and answer every question truthfully.**

## What to say at the filing desk

*"I am filing a pro se employment-discrimination complaint with an application to proceed without prepaying fees. Please tell me whether the summons should be submitted now or after the judge rules on my fee-waiver application. I would also like a file-stamped copy and the civil-action number."*

## Important filing-day steps

- Bring government-issued photo identification. Camera phones and other devices with cameras are not permitted past courthouse security.
- Do not give the Clerk the entire evidence binder unless the Court specifically requests it. Bring it for reference, but submit the opening documents listed above.
- Sign the complaint and fee-waiver application in ink before filing, unless the Clerk instructs you to sign at the counter.
- Ask for a file-stamped copy of every document submitted and write the civil-action number on the front of your case folder.
- Do not personally serve Tesla before the Court decides the fee-waiver request and provides service instructions.

- Read every order from the Court immediately. Deadlines in court orders control the next steps.

## Case record used for the complaint

| Item | Confirmed information |
|---|---|
| **Protected class** | Black and African American |
| **Claims** | Race discrimination and retaliation |
| **Employment** | September 19, 2022 to August 3, 2026 |
| **Written HR complaint** | June 11, 2026 |
| **Termination** | August 3, 2026 |
| **EEOC charge** | 410-2026-13586 |
| **Charge filed** | September 10, 2026 |
| **Right-to-Sue Notice** | Issued and received September 25, 2026 |
| **Estimated 90-day deadline** | December 24, 2026 |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## Atlanta District Office

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Atlanta Direct Dial: (470) 531-4760
FAX (404) 562-6909/6910
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Jerome Lundy
703 Cassatt Court
Stone Mountain, GA 30088
Charge No: 410-2026-13586

EEOC Representative and email: NORBERTA PENDLETON
INVESTIGATOR
NORBERTA.PENDLETON@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2026-13586.

On behalf of the Commission,

Iriketekana D-E. Anance
Digitally signed by Irikétekana D-E. Anance
Date: 2026.09.25 08:3[illegible] -04'00'

For

Darrell E. Graham
Director

**Cc:**
Stephanie Stroup
Tesla, Inc.
1 Page Avenue
Fremont, CA 94538

Garth Calderon
Tesla Collision
2110 Tucker Industrial Road
Tucker, GA 30084

Please retain this Notice for your records.

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 410-2026-13586 to the District Director at Darrell E. Graham, 100 Alabama Street, SW, Suite 4R30, Atlanta, GA 30303.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 410-2026-13586 to the District Director at Darrell E. Graham, 100 Alabama Street, SW, Suite 4R30, Atlanta, GA 30303.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.